UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL CONNOR, an individual,

    Plaintiff,

v.                                    Case No: 2:16-cv-871-FtM-29MRM

FERRIS MARKETING, INC., a Delaware corporation, PC GEAR HEAD, LLC, a Florida limited liability company, RONALD M. FERRIS, JR., an individual, and DANIEL A. SHEA, an individual,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Claim for Declaratory Judgment Under the Copyright Act (Count IX) (Doc. #20) filed on January 20, 2017. Plaintiff filed a Response in Opposition (Doc. #27) on February 4, 2017.

**I.**

The Complaint (Doc. #1) describes a soured business relationship between plaintiff Michael Connor (plaintiff or Conner) and defendants, culminating in the current lawsuit. The first eight counts allege state law claims against defendants

Ferris Marketing, Inc. (Ferris Marketing), Ronald M. Ferris, Jr. (Ferris), and Daniel A. Shea (Shea) for breach of fiduciary duty or aiding and abetting breach of fiduciary duty (Counts I, II, III), civil conspiracy (Count IV), breach of an implied operating agreement (Count V), breach of an implied covenant of good faith and fair dealing (Count VI), for judicial dissolution of a limited liability company (Count VII), and unjust enrichment (Count VIII).

In Count IX, the only federal claim and only claim against PC Gear Head, LLC, plaintiff asserts that he is the author of certain Visual Works, and seeks a declaratory judgment under the Copyright Act that (a) a valid copyright exists over the Visual Works; (b) plaintiff was never an employee of PC Gear Head LLC under the Copyright Act; (b) the Visual Works are not works made for hire; and (d) plaintiff is the sole and exclusive owner of the copyright in the Visual Works.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In Count IX, plaintiff more specifically alleges that he is the original author of PC Gear Head's logos, artistic packaging, artistic product design, graphic art, and other two and three-dimensional works of fine, graphic, and applied art. Plaintiff alleges that these visual works were used in PC Gear Head's business, and are pictorial, graphic, and sculptural works under the Copyright Act. Plaintiff alleges that he was never an employee of PC Gear Head, and there is no express written agreement that the visual works were works made for hire. Plaintiff alleges that an actual controversy exists between plaintiff and PC Gear Head as to ownership of the visual works, and that plaintiff is suffering from ongoing injury in the form of unpaid licensing rights and the denial of rights to use or license the visual works as the exclusive owner. The Court finds that the factual allegations are sufficient to satisfy the federal pleading standard.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Claim for Declaratory Judgment Under the Copyright Act (Count IX) (Doc. #20) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

4