```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION

MICHAEL      CONNOR,      an
individual,

      Plaintiff,

v.                                    Case No: 2:16-cv-871-FtM-29MRM

FERRIS   MARKETING,   INC.,   a
Delaware   corporation,   PC
GEAR  HEAD,  LLC,  a  Florida
limited  liability  company,
RONALD  M.  FERRIS,  JR.,  an
individual,  and  DANIEL  A.
SHEA, an individual,

      Defendants.
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike (Doc. #32) filed on February 11, 2017.  Defendants filed a Memorandum in Opposition (Doc. #33) on February 24, 2017.

Plaintiff seeks to strike the Affirmative Defenses (Doc. #21, pp. 11-12) asserted by defendants Ferris Marketing, Inc., Ronald M. Ferris, Jr., and PC Gear Head, LLC.  Defendants assert six defenses to the claims set forth in the Complaint[1].  Plaintiff

---

[1] Claims are for breach of fiduciary duty against Ferris under the Florida's Revised Limited Liability Company Act (Count One), a breach of a common law fiduciary duty against Ferris and Shea (Count Two), a breach of fiduciary duty and aiding and a abetting the breach against Ferris Marketing (Count III), conspiracy as to Ferris, Shea, and Ferris Marketing (Count IV), breach of an implied operating agreement against Ferris Marketing (Count V), breach of the implied covenant of good faith and fair dealing against Ferris

seeks to strike the Second, Third, and Fourth Affirmative Defenses because they are denials and not true affirmative defenses, and plaintiff seeks to strike all six defenses because they lack the factual support to state a claim.  The motion will be granted as set forth below.

### A. Standard of Review

As previously determined by the undersigned:

> Defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it," and Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense."  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999).  Pursuant to Federal Rule of Civil Procedure 12(f), courts may strike "insufficient defense[s]" from a pleading, either upon a motion or *sua sponte.*

Daley v. Scott, No. 2:15-CV-269-FTM-29DNF, 2016 WL 3517697, at *1 (M.D. Fla. June 28, 2016).  Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c) because it does not provide adequate notice to plaintiff to rebut, or properly

---

Marketing (Count VI), for judicial dissolution of PC Gear Head against Ferris Marketing (Count VII), for unjust enrichment against all three defendants (Count VIII), and violation of the Copyright Act (IX) against PC Gear Head.

litigate the defense.  Id. at *2 (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).  Defendants have an obligation to identify the specific claims associated with each defense to avoid ambiguity in the pleading that would make it a shotgun pleading.  Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015).

"[R]equiring defendants to plead some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs."  Daley, at *3 (citations omitted).

### B. First Affirmative Defense

In the First Affirmative Defense, defendants assert the doctrine of unclean hands.  Defendants provide no factual support for this defense.  "The Eleventh Circuit has observed that to successfully invoke the unclean hands doctrine requires a defendant to establish two things: "First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted.  Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by [his] conduct."  PK Studios, Inc. v. R.L.R. Investments, LLC, No. 2:15-

CV-389-FTM-99CM, 2016 WL 4529323, at *6 (M.D. Fla. Aug. 30, 2016) (citation omitted). Without even an indication of which claim in the Complaint the defense relates to, the first defense must be stricken for failure to comply with Rule 8(c).

### C. Second Affirmative Defense

In the Second Affirmative Defense, defendants assert that plaintiff failed to plead a claim in Count IX under the Copyright Act. Defendants do not state why plaintiff has failed to state a claim, and in any event, by merely pointing out a defect in plaintiff's prima facie case, defendants are only stating a general defense or denial and not an affirmative defense. See PK Studios, Inc. v. R.L.R. Invs., LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016) (citing In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 & n.9 (11th Cir. 1988)).[2] The defense will be stricken.

### D. Third and Fourth Affirmative Defense

As to the Third and Fourth Affirmative Defenses, as indicated above, defendants must provide some factual basis, and connect the defenses to a specific claim or claims under Rule 8(c). Defendants allege that plaintiff's claims are barred because he did not first make a demand upon the corporation's board of directors (Third

---

[2] The Court notes that defendant PC Gear Head, LLC filed a separate Motion to Dismiss (Doc. #20) as to Count IX. That motion was addressed by separate Opinion and Order.

Defense), or the shareholders (Fourth Defense).  Plaintiff argues that these are specific denials, and further argues that they are insufficiently pled.

Only one corporation is involved in this case, Ferris Marketing, Inc., and there is no clear indication as to which count is barred by these defenses, or on what basis plaintiff would be required to make a demand before filing suit.  "[A] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citations omitted).  The motion to strike will be granted as to both defenses.

### E. Fifth and Sixth Affirmative Defenses

In the last two defenses, defendants assert estoppel (Fifth Defense) and waiver (Sixth Defense) without any factual basis for either defense.  In fact, "[d]efendant[s] fails to allege any facts whatsoever in support of these defenses, thus falling woefully short of Rule 8's liberal pleading requirements." Wlodynski v. Ryland Homes of Florida Realty Corp., No. 8:08-CV-00361-JDW-MAP, 2008 WL 2783148, at *2 (M.D. Fla. July 17, 2008).  These defenses will also be stricken for failure to comply with Rule 8(c).

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike (Doc. #32) is **GRANTED** as set forth above without prejudice to filing amended affirmative defenses within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 6 -