IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 16-CV-00871-JES-MRM

MICHAEL CONNOR, an individual,

         Plaintiff,

v.

FERRIS MARKETING, INC., a Delaware Corporation, RONALD M. FERRIS, JR., DANIEL J. SHEA, and PC GEAR HEAD, LLC, a Florida Limited Liability Company,

         Defendants.

**PLAINTIFF'S _EMERGENCY_ MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS FOR JUDICIAL DISSOLUTION OF PC GEAR HEAD, LLC AND SUPPORTING DECLARATION AND MEMORANDUM OF LAW**

Plaintiff MICHAEL CONNOR, through undersigned counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure[1] and § 605.0702, Fla. Stat., moves for partial judgment on the pleadings as to Plaintiff's count for judicial dissolution of PC Gear Head, LLC, and in support states:

### I. SUMMARY OF THE ARGUMENT

1. This Court must enter a decree for judicial dissolution of PC Gear Head, LLC ("Gear Head") pursuant to §§ 605.0702-0709 of Florida's Revised Limited Liability Company Act (the "Act"). Judicial dissolution is appropriate under the Act because: (i) Defendants admit that Plaintiff is a member of Gear Head within the meaning of the Act and thus entitled to petition for dissolution; (ii) defendant FMI, who is Gear Head's only other member, has through unlawful self-dealing by its owners Ferris and Shea,

---

[1] Unless otherwise noted, the terms "Rule" and "Rules" refer to the Florida Rules of Civil Procedure, and the terms "Local Rule" and "Local Rules" refer to the Local Rules for U.S. District Court for the Middle District of Florida.

Case 2:16-cv-00871-JES-M_M    Document 39    Filed 07/01/17    Page 2 of 8 PageID 276

*Michael Connor v. Ferris Marketing, Inc., et al.*
*U.S. District Court for the Middle District of Florida*
*Case no.: 16-cv-00871-JES-MRM*

transferred millions of dollars in value from Gear Head to itself and companies it owns, increasing the value of its ownership interests at Plaintiff's expense; and (iii) Ferris and Shea, as Gear Head's chief executive and chief financial officers, are wasting Gear Head's assets and dissipating its value to Plaintiff's detriment by writing off millions of dollars in inventory and then selling it at a loss.

## II. <u>FACTS SUPPORTING JUDICIAL DISSOLUTION</u>

2. The following facts are not in dispute.

(a). Plaintiff and defendant Ferris Marketing, Inc. ("FMI") are Gear Head's sole members, with FMI holding 85% of Gear Head's membership interest. (Complaint, ¶ 20, Answer, ¶ 20);

(b). Defendants Ferris and Shea are FMI's only shareholders. (Complaint, ¶ 13, Answer, ¶ 13);

(c). Ferris and Shea are also Gear Head's respective chief executive and chief financial officers. (Complaint, ¶ 20; Answer, ¶ 20).

3. The final structure of the above-described arrangement is ripe for abuse, as it gives Ferris and Shea total control over Gear Head. First, through their common ownership of FMI's majority ownership interest in Gear Head, and second, through their executive control over Gear Head's operations and finances.

4. As shown in Gear Head's income statements, Ferris and Shea abused their total control over Gear Head to benefit themselves at Plaintiff's expense by taking value from Gear Head, and transferring it to FMI and other companies they own. (Copies of Gear Head's income statements from 2009 to 2016 which Shea provided to Plaintiff are

Case 2:16-cv-00871-JES-M_M   Document 39   Filed 07/01/17   Page 3 of 8 PageID 277

*Michael Connor v. Ferris Marketing, Inc., et al.*
*U.S. District Court for the Middle District of Florida*
*Case no.: 16-cv-00871-JES-MRM*

attached as Exhibit '1'). As Plaintiff more fully describes in his attached declaration, Ferris's and Shea's erosion of Gear Head's value directly injured Plaintiff. (Plaintiff's declaration is attached as Exhibit '2'). Plaintiff, quite justifiably complained of this, and ultimately Ferris and Shea forced Plaintiff out of Gear Head in early 2016. Since Plaintiff's ouster, Ferris and Shea continue to dissipate and waste Gear Head's value.

5. Ferris and Shea dissipate Gear Head's value in three ways. First, by transfers of cash and equity from Gear Head to FMI and other companies they own. These self-dealing transactions exceeded half a million dollars in some years. These transfers were accounted as expenses and deducted from Gear Head's net income, which reduced Plaintiff's share of Gear Head's distributions to owners. Because these transfers were to Ferris's and Shea's own companies, the value of their ownership interest in those companies increased while the value of Plaintiff's interest in Gear Head decreased.

6. The second way Ferris and Shea dissipate Gear Head's value is by forcing Gear Head to act as guarantor for loans to FMI and other companies owned by Ferris and Shea. (Copies of the consents Plaintiff was required to sign to make Gear Head guarantor for these various credit agreements are attached as Composite Exhibit '3') These credit agreements increased Gear Head's liabilities, which in turn, decreased owner's equity. Additionally, these loan guaranties require that Gear Head maintain a certain level of retained earnings, which in turn reduces the income available for distribution to Plaintiff. All of this was done without consideration to Plaintiff.

7. The third way Ferris and Shea dissipate Gear Head's value is by writing off millions of dollars in Gear Head inventory. As Plaintiff explains in his attached

Case 2:16-cv-00871-JES-M_M   Document 39   Filed 07/01/17   Page 4 of 8 PageID 278
*Michael Connor v. Ferris Marketing, Inc., et al.*
*U.S. District Court for the Middle District of Florida*
*Case no.: 16-cv-00871-JES-MRM*

declaration, in the February 2016 meeting where Ferris ousted Plaintiff from Gear Head, Ferris estimated the wholesale value of Gear Head's inventory at $4.4 million. Ferris memorialized the estimate in a hand-written note on the back of the separation agreement he gave Plaintiff at the meeting. (A copy of Ferris's hand-written note estimating the value of Gear Head's inventory is attached to Plaintiff's declaration as Exh. 'A'). At the same meeting, Ferris estimated the inventory had a retail value of $9 million.

8. Plaintiff has now learned that Ferris and Shea are unloading this inventory at a loss. There is also evidence that Gear Head is neglecting to follow up on existing business opportunities. (See letter from Gear Head's counsel attached as Exhibit '4'). In addition, Plaintiff has made numerous requests for an accounting, as is his right under the Act, and which Ferris and Shea have refused to provide.

### III. ARGUMENT

#### A. STANDARD ON MOTION FOR JUDGMENT ON THE PLEADINGS

9. Rule 12(c) states in the in pertinent part: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *Dickinson v. Executive Bus. Group, Inc.*, 983 F. Supp. 1395, 1396 (M.D. Fla. 1997). On a motion for judgment on the pleadings, the Court must review the pleadings in the light most favorable to the non-movant. Id. The Court may grant the motion only if it appears beyond a doubt that the non-movant can prove no set of facts in support of his claim which would entitle him to relief, or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings.

Case 2:16-cv-00871-JES-M_M   Document 39   Filed 07/01/17   Page 5 of 8 PageID 279
*Michael Connor v. Ferris Marketing, Inc., et al.*
U.S. District Court for the Middle District of Florida
Case no.: 16-cv-00871-JES-MRM

### B. FLORIDA LAW ON DISSOLUTION OF AN LLC

10. The Act, codified at §§ 605.0101 et seq., provides that the internal affairs of a limited liability company, such as Gear Head, are governed by the laws of the state in which the company is organized. *Aquent LLC v. Stapleton*, 65 F. Supp. 3d 1339, 1347 (M.D. Fla. 2014); *see also* § 605.0104. Here, because Gear Head is a Florida limited liability company, the Act governs Gear Head's internal affairs.

11. The Act at § 605.0702 gives Plaintiff, as Gear Head's member, two grounds to petition for judicial dissolution. *See* § 605.0702(b). First under § 605.0702(b)(3) because the managers or members in control of Gear Head -- here Ferris, Shea, and FMI -- have acted, are acting, or are reasonably expected to act in a manner that is illegal or fraudulent.

12. A review of Gear Head's historical income statements shows transfers in cash and other equity from Gear Head to FMI in the millions of dollars without any explanation or reasonable compensation to Plaintiff. Ferris and Shea, through their total control of Gear Head as the majority owners and Gear Head's executives, forced Gear Head to pay FMI and other companies Ferris and Shea owned for "expenses" they say were incurred on behalf of Gear Head. In essence, it was Ferris and Shea -- as Gear Head's owners -- telling Ferris and Shea -- as Gear Head's executives -- to pay Ferris and Shea -- as owners of FMI and other companies to whom these cash transfers were made.

13. This last sentence bears repeating. Ferris and Shea are telling Ferris and Shea to pay Ferris and Shea. This is the very definition of self-dealing, done without Plaintiff's approval in violation of the Act. *See In re Kindred*, 6:08-BK-02331-KSJ, 2010 WL

Case 2:16-cv-00871-JES-M_M   Document 39   Filed 07/01/17   Page 6 of 8 PageID 280

*Michael Connor v. Ferris Marketing, Inc., et al.*
*U.S. District Court for the Middle District of Florida*
*Case no.: 16-cv-00871-JES-MRM*

2991555, at *5 (Bankr. M.D. Fla. 2010) ("A self-dealing transaction typically involves a manager acting on both sides of a transaction involving the managed company. Clearly, in such circumstances, the risk of a sweetheart deal at a company's expense, and at a manager's gain, is great, and therefore prohibited") (citing the prior version of the Act); *see also* § 605.04092 (governing conflict of interest transactions).

14. The second basis for Plaintiff's request for dissolution is under § 605.0702(b)(4) because Gear Head's assets are being misappropriated or wasted, causing injury to Plaintiff as Gear Head's only other member. As Plaintiff asserts in his attached declaration, Ferris and Shea are writing off millions of dollars in Gear Head inventory and then selling that inventory at a loss, reducing Gear Head's value. This causes Plaintiff direct injury by dissipating the value of his interest in Gear Head.

### C. P<small>ROCEDURE FOR</small> D<small>ISSOLUTION UNDER THE</small> A<small>CT</small>

15. The Act at § 605.0703, provides that in a proceeding for judicial dissolution under § 605.0702, the Court may:

> (a). Appoint a receiver or custodian under § 605.0704;
>
> (b). Order a purchase of a petitioning member's interest pursuant to § 605.0706; or
>
> (c). § Upon a showing of good cause, order another remedy the court deems appropriate in its discretion, including an equitable remedy.

16. The Act at § 605.0705 provides that if after a hearing, the Court determines that one or more grounds for judicial dissolution exist under § 605.0702, it may enter a decree dissolving Gear Head. § 605.0705(1). After entering the decree of dissolution, the

Case 2:16-cv-00871-JES-M_M   Document 39   Filed 07/01/17   Page 7 of 8 PageID 281

*Michael Connor v. Ferris Marketing, Inc., et al.*
*U.S. District Court for the Middle District of Florida*
*Case no.: 16-cv-00871-JES-MRM*

court shall direct the winding up and liquidation of the limited liability company's activities and affairs in accordance with ss. 605.0709-605.0713, with appropriate notice to Gear Head's creditors. § 605.0705(2) and (3).

17. After the entry of the decree, Gear Head must wind up its activities and dispose of its assets as provided by §§ 605.0709 and 0710. The Act at § 605.0710(1) states that before distributing its assets to its members, Gear Head must first apply its assets to discharge its obligations to creditors, **including members who are creditors**. (emphasis supplied). A member becomes a creditor of an LLC if a member becomes entitled to receive a distribution. § 605.0404(4). Here, Plaintiff is a member creditor of Gear Head arising from the following distributions that remain due and owing:

   (a). unpaid guaranteed payments to Plaintiff under Gear Head's organic rules;

   (b). Plaintiff's share of Gear Head's profits and retained earnings that were wrongfully transferred from Gear Head to either FMI, Beechmont, Ferris, Shea, or any of their affiliated or related entities; and

   (c). Plaintiff's share of the proceeds from any loans taken or guaranteed by Gear Head that Ferris and Shea applied to benefit them or the companies they own at Plaintiff's expense instead of paying down Gear Head's debt.

18. The Act provides that After Gear Head's creditors have been made whole, the remainder of Gear Head's assets must be distributed between FMI and Plaintiff. Plaintiff also requests the Court appoint a custodian over Gear Head to guard against Ferris's and Shea's continued self-dealing until Gear Head is completely wound up.

WHEREFORE, Plaintiff MICHAEL CONNOR requests this honorable Court

Case 2:16-cv-00871-JES-M_M   Document 39   Filed 07/01/17   Page 8 of 8 PageID 282

*Michael Connor v. Ferris Marketing, Inc., et al.*
*U.S. District Court for the Middle District of Florida*
Case no.: 16-cv-00871-JES-MRM

enter a decree of judicial dissolution of PC GEAR HEAD, LLC under the supervision of a custodian, and order payment of Plaintiff's creditor claims, and the company's windup as provided by the Act, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mario G. Menocal
Mario G. Menocal, Esq.
Florida Bar No.: 99048
Jennifer A. Kerr, Esq.
Florida Bar No.: 149624
*Attorneys for Plaintiff*
Gutiérrez Bergman Boulris, PLLC
100 Almeria Ave., Suite 340
Coral Gables, Florida 33134
Tel: +1 (305) 358-5100
E-mail: eservice@gbbpl.com
E-mail:jennifer.kerr@gbbpl.com
E-mail: mario.menocal@mgmpa.com

## CERTIFCATE OF PRE-FILING CONFERENCE

Under Rule 3.01(g) of the Local Rules for U.S. District Court for the Middle District of Florida, no pre-filing conference is required before the filing of motions for judgment on the pleadings.

/s/ Mario G. Menocal
Mario G. Menocal, Esq.

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2017, I filed a copy of the foregoing document with the Clerk of the Court for the U.S. District Court for Middle District of Florida via CM/ECF and marked it for service to all parties or their counsel.

/s/ Mario G. Menocal
Mario G. Menocal, Esq.