```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MICHAEL CONNOR, an individual,

    Plaintiff,

v.                                 Case No: 2:16-cv-871-FtM-29MRM

FERRIS MARKETING, INC., a Delaware corporation, PC GEAR HEAD, LLC, a Florida limited liability company, RONALD M. FERRIS, JR., an individual, and DANIEL A. SHEA, an individual,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on defendant Daniel J. Shea's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Doc. #18) filed on January 19, 2017. Plaintiff filed a *Corrected* Response in Opposition (Doc. #33) on February 24, 2017.

**I.**

"Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2)." Peruyero v. Airbus S.A.S., 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014). A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. [ ] When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013) (internal citation omitted). Plaintiff is then required to "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." Future Tech. Today, Inc., 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted).

If defendant's affidavit is conclusory and essentially recites the long-arm statute "verbatim", "[s]uch statements, although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." Posner v. Essex Ins. Co., 178 F.3d 1209, 1215 (11th Cir. 1999). If the Complaint and defendant's evidence are in conflict, "the district court must construe all reasonable inferences in favor of the plaintiff." Thomas v. Brown, 504 F. App'x 845, 847 (11th Cir. 2013) (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

As previously noted,

> The existence of personal jurisdiction is a question of law. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). "A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008).

Hatton v. Chrysler Canada, Inc., 937 F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2013).

**II.**

In a light most favorable to plaintiff[1], the Complaint alleges that defendant Daniel A. Shea (Shea) is a citizen of the State of Massachusetts who engaged in substantial and not isolated activity within the State of Florida. (Doc. #1, ¶¶ 6, 9.) Shea is the Chief Financial Officer for Ferris Marketing and PC Gear Head, and it is alleged that he had frequent travel and communications to Florida. (Id., ¶¶ 9, 14, 20(i).) Plaintiff alleges that Shea

---

[1] Plaintiff is a citizen of South Carolina. Defendant Ferris Marketing, Inc. (Ferris Marketing) is a Delaware corporation with its principal place of business in the State of Florida. Defendant PC Gear Head, LLC is a Florida limited liability company whose sole members are plaintiff and Ferris Marketing. Defendant Ronald M. Ferris, Jr., the individual, is a citizen of the State of Florida. (Doc. #1, ¶¶ 2-6.) This motion addresses the Court's jurisdiction over the individual defendant Daniel A. Shea.

3

"(i) operated, conducted, engaged in, or carried on a business or business venture in Florida; and (ii) committed tortious acts within Florida for his own personal benefit." (Id., ¶ 10.) Plaintiff further alleges that Shea has established minimum contacts with Florida "either through [his] continuous presence in Florida or through [his] tortious conduct for [his] own pecuniary gain while in, or directed to, Florida." (Id., ¶ 11.)

Shea is a shareholder of Ferris Marketing, and directly or through a controlling interest in Ferris Marketing or another entity, owns a controlling interest in: PC Gear Head; Night Owl SP, LLC, a Florida LLC; Radio Road Toys, LLC, a Florida LLC; Beechmont, Inc. (Beechmont), a Massachusetts corporation; and Worldwide Marketing Ltd., a company incorporated in Hong Kong, China. (Id., ¶ 15.) PC Gear Head's finances were administered by Beechmont under Shea's guidance, and as a shareholder of Ferris Marketing. Shea controlled an 85% interest in PC Gear Head and its finances through his controlling interest in Beechmont. (Id., ¶ 21.)

The Complaint (Doc. #1) presents one federal claim and eight state law claims, with only three state-law counts applying to defendant Daniel A. Shea (Shea): Count II for breach of fiduciary duty, Count IV for civil conspiracy, and Count VIII for unjust enrichment. As to Count II, plaintiff alleges that Shea was the Chief Financial Officer for PC Gear Head, and in sole and exclusive

4

control of Ferris Marketing's finances. Plaintiff alleges that Shea facilitated and approved the diversion of profits and loan proceeds to Ferris Marketing, and took part in combining the finances of the two companies. As to Count IV, plaintiff alleges that Shea conspired with Ferris and Ferris Marketing to coerce plaintiff into consenting to the financial transactions that diverted profits away from PC Gear Head. As to Count VIII, plaintiff alleges that Shea conferred a benefit upon himself and his business interests by diverting the profits without paying plaintiff a share of the profits. The Return of Service (Doc. #15) reflects that Shea was personally served in Walpole, Massachusetts on December 28, 2016.

In his Affidavit in support of the motion (Doc. #18-1), Shea states that he is the sole owner of Beechmont, Inc., a Massachusetts corporation with no employees in the State of Florida. All accounting and financial reporting services provided to Ferris Marketing and PC Gear Head were provided through Beechmont. Shea is not an employee of PC Gear Head, but has visited the State of Florida for "occasional internal office meetings" concerning the services provided to Ferris Marketing and PC Gear Head. Shea states that he has never: resided in, maintained, owned, or leased property in the State of Florida; maintained or possessed a license or permit issued by the State of Florida; entered into a contract, voted, or paid taxes within the

State; and has never established a working office, telephone line, post office box, or mailing address in the state. (Doc. #18-1, ¶¶ 7-10, 12-14, 16-17.) Shea also denies committing a tortious act in Florida or any other state, or ever being involved in a legal proceeding in the State of Florida, and states that he has not consented to jurisdiction within the state. (Id., ¶¶ 11, 18-19.)

In response to defendant's Affidavit, plaintiff filed a *Corrected* Declaration of Michael Connor in Support of Plaintiffs Response in Opposition (Doc. #30, Exh. 1) attaching email correspondence, and indicating that Shea travelled to Florida 6 to 8 times a year and spent 1 to 2 months a year in Florida. Since 2010, Shea has traveled to Florida several weeks a year. Shea reached out to plaintiff from the Florida office by telephone, email, and in person directly related to the financial status of PC Gear Head. (Id., ¶¶ 8, 11, 12, 13, 17.)

### III.

The applicable two-step analysis to determine whether personal jurisdiction is appropriate is summarized in <u>Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.</u>, 421 F.3d 1162, 1166 (11th Cir. 2005). First, the Court determines whether the exercise of personal jurisdiction over Shea is appropriate under Florida's long-arm statute.[2] Second, and if appropriate, the Court

---

[2] Pursuant to Fed. R. Civ. P. 4(e), if an applicable federal statute is silent regarding service of process, an individual who

6

considers whether exercising personal jurisdiction comports with the due process requirements of the Fourteenth Amendment to the United States Constitution. "If both Florida law and the United States Constitution permit, the federal district court may exercise jurisdiction over the nonresident defendant." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008) (citations omitted).

As a preliminary matter, defendant asserts that plaintiff did not suffer an injury in the State of Florida because plaintiff is a citizen of South Carolina, and his ties to the State of Florida are based on his role with PC Gear Head and defendant's role with PC Gear Head. However, a lack of residence in the forum state will not necessarily defeat jurisdiction if defendant's contacts with the forum state are sufficient. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780 (1984). "When a controversy is related to or "arises out of" a *defendant's* contacts with the forum, the Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction." Helicopteros Nacionales de Colombia, S.A. v. Hall,

---

is not a minor or incompetent may be served "in a judicial district of the United States by" by following state law for service in the state where service is made, or by delivery of the summons and complaint to the individual personally. The only federal claim is against a different defendant, and even if applicable, is otherwise silent regarding service of process. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 856 (11th Cir. 1990).

466 U.S. 408, 414 (1984) (emphasis added). See also Walden v. Fiore, 134 S. Ct. 1115, 1123 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State." (citation omitted)). As detailed below, the Court finds that defendant's relationship to the forum state is sufficient.

### *Florida Long-Arm Statute*

"Since the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court." Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 856 (11th Cir. 1990) (citation omitted). Plaintiff asserts both specific jurisdiction under subsection (1)(a), and general jurisdiction under subsection (2) of Fla. Stat. § 48.193. Specific jurisdiction exists over causes of action arising from or related to Shea's actions within the state, while general jurisdiction is the general power of the Court to adjudicate any case against Shea, "irrespective of where the cause of action arose." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1221 n.27 (11th Cir. 2009) (citations omitted).

### *1. Specific Jurisdiction*

"A forum may exercise specific jurisdiction over a nonresident defendant if the defendant has 'purposefully directed'

his activities to forum residents and the resulting litigation derives from alleged injuries that 'arise out of or relate to' those activities." Cable/Home Commc'n Corp., 902 F.2d at 857 (citations omitted). The Court considers the quality, nature, and extent of the activity in the forum, and the foreseeability of consequences within the forum from outside the forum to determine if defendant purposefully availed himself of the protection and privileges of the forum state. Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A., 792 F.2d 989, 993 (11th Cir. 1986).

Plaintiff asserts two bases under Florida's long-arm statute for the specific jurisdiction of this forum: (1) Shea operates, conducts, or engages in business in the state or has an office in the state; and (2) Shea committed a tortious act within the state. See Fla. Stat. § 48.193(1)(a).[3]

*A. Business in the State*

"In order to establish that a defendant is carrying on business for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general

---

[3] Under § 48.193(1), "[a] person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the" enumerated acts. Fla. Stat. § 48.193(1)(a).

9

course of business activity in the state for pecuniary benefit." Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam)). Although it is generally true that activities of an officer on behalf of the company will not support jurisdiction over the individual, "[a]n exception exists in that personal participation by a corporate officer in the wrongful activities of a corporation is sufficient to make the individual, as well as the corporation, substantially liable for a tort." Tommy Bahama Grp., Inc. v. Eagle, No. 3:09-CV-641-J-32JRK, 2010 WL 3340538, at *5 (M.D. Fla. Aug. 23, 2010) (citations omitted). See, e.g., Doe v. Thompson, 620 So. 2d 1004, 1006 n.1 (Fla. 1993) ("A corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction.").

Shea is the Chief Financial Officer for two Florida co-defendant businesses: Ferris Marketing, which has its principal place of business in the State of Florida; and PC Gear Head, a Florida limited liability company. Shea controls and provides services for the finances of the Florida businesses through his own company, Beechmont. Shea does not have employees or an office in the State, but admits that he has travelled to Florida on occasion for internal office meetings to provide financial services to Ferris Marketing and PC Gear Head. Plaintiff states

that the travel was for long periods and at least 6 times a year. Plaintiff has also alleged that Shea personally participated in the decisions that form the basis of the breaches of fiduciary duty and the conspiracy. The Court finds that Shea's travel to Florida for business related to the Florida co-defendants, as confirmed by his own Affidavit, and for his own pecuniary benefit, coupled with plaintiff's allegations of participation in wrongful activities, is sufficient under Florida's long-arm statute.

*B. Tortious Act in the State*

An out-of-state defendant's physical presence in Florida is not required to commit a tortious act in Florida. Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1207 (Fla. 2010). A nonresident defendant can commit a tortious act in Florida "through the nonresident defendant's telephonic, electronic, or written communications into Florida," as long as the cause of action arises from those communications. Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002). "This predicate finding is necessary because of the connexity requirement contained in section 48.193(1)." Id.

A nonresident defendant cannot rely upon the corporate shield doctrine for an intentional tortious act "*expressly aimed at the forum state*". Allerton v. State Dep't of Ins., 635 So. 2d 36, 39 (Fla. 1st DCA 1994) (emphasis in original). See, e.g., Rensin v. State, Office of Atty. Gen., Dep't of Legal Affairs, 18 So. 3d 572, 575 (Fla. 1st DCA 2009) (citing Rensin, and finding "corporate

11

shield doctrine did not apply to a nonresident investment advisor who actively and personally orchestrated various financial schemes").

Shea clearly maintained communications for purposes of obtaining the loans, including calling plaintiff while in Florida. Shea traveled a number of times to Florida as a representative of Beechmont, and for the financial services to Ferris Marketing and PC Gear Head, and stayed for extended periods working out of the Naples office. Plaintiff alleges that he received no benefit for his consent, that he was coerced, that PC Gear Head's loss of profits deprived him of his share, and that a fiduciary duty was owed and breached. The Court finds that the tortious act[4] was committed in Florida, even if Shea was not present in the State of Florida at the time plaintiff was coerced into consenting to the loans.

*2. General Jurisdiction*

Under the general jurisdictional provision, if defendant "engaged in substantial and not isolated activity within this

---

[4] "If an individual breaches a fiduciary duty to a company that has a principal place of business or place of incorporation in Florida the individual is subject to jurisdiction in Florida under long-arm statute." Elandia Int'l, Inc. v. Ah Koy, 690 F. Supp. 2d 1317, 1329 (S.D. Fla. 2010) (citations omitted). Actions directed at the forum state by communications is sufficient to establish long-arm jurisdiction. Machtinger v. Inertial Airline Servs., Inc., 937 So. 2d 730, 735 (Fla. 3d DCA 2006).

state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). See also Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1353 (11th Cir. 2013). Although no connexity is required for general jurisdiction, the "substantial and not isolated activity" requirement means "continuous and systematic general business contact with Florida." Woods v. Nova Companies Belize Ltd., 739 So. 2d 617, 620 (Fla. 4th DCA 1999).

"The requirement of continuous and systematic general business contacts establishes 'a much higher threshold' than the 'minimum contacts' required to assert specific jurisdiction, 'for the facts required to assert this general jurisdiction must be extensive and pervasive.'" Am. Overseas Marine Corp. v. Patterson, 632 So. 2d 1124, 1127–28 (Fla. 1st DCA 1994) (citations omitted). "[I]f the defendant's activities meet the requirements of section 48.193(2), minimum contacts is also satisfied." Woods, 739 So. 2d at 620.

In this case and in a light most favorable to plaintiff, Shea travelled to Florida a number of times, as related to his role as a Chief Financial Officer, and Shea stayed for at least a month at a time. The travel has been over several years, and at a rate of several times a year. The Court finds that Shea's travel to the

forum state has been continuous and systematic for purposes of establishing general jurisdiction.

### *Due Process*

Due process requires that defendant have adequate notice of the suit, and be subject to the personal jurisdiction of the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The "fair warning" requirement is satisfied if defendant "purposefully directed his activities at the forum", and injuries resulted from those activities." Madara v. Hall, 916 F.2d 1510, 1516 (11th Cir. 1990). Defendant's "conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there." Madara, 916 F.2d at 1516 (citing Burger King, 471 U.S. at 474; World-Wide Volkswagen Corp., 444 U.S. at 297). The Court "must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." Sculptchair, 94 F.3d at 626 (citations omitted). See also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

> Thus where the defendant "deliberately" has engaged in significant activities within a State, [ ], or has created "continuing obligations" between himself and residents of the forum, [ ], he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not

>     unreasonable to require him to submit to the
>     burdens of litigation in that forum as well.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985) (internal citations omitted). Factors considered to determine if the contacts comport with fair play and substantial justice "include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." Licciardello v. Lovelady, 544 F.3d 1280, 1288 (11th Cir. 2008).

The Court further finds that the exercise of personal jurisdiction over Shea does not offend due process. Shea regularly travels to Florida and the burden to travel would be minimum. Also, since the heart of the dispute involves two Florida companies, the forum state has a stake in the litigation.

Accordingly, it is now

**ORDERED:**

Defendant Shea's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Doc. #18) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:   Counsel of record